IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHEENIA D., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.   ADC-20-2671 |
| KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On September 15, 2020, Sheenia D. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1 ("the Complaint"). Plaintiff and Defendant filed motions for summary judgment (ECF Nos. 19, 22) on July 16, 2021 and September 2, 2021, respectively.[1] After consideration of the Complaint and the parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment or, In the Alternative, Motion for Remand (ECF No. 19) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 22) is GRANTED, and the SSA's decision is AFFIRMED.

### **PROCEDURAL HISTORY**

On October 3, 2017, Plaintiff filed a Title II application for DIB, alleging disability since May 5, 2017. ECF No. 16 at 15. Her claim was denied initially on March 19, 2018 and upon

---

[1] On October 29, 2021, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF Nos. 5, 23.

1

reconsideration on September 17, 2018. *Id.* Subsequently, on October 1, 2018, Plaintiff filed a written request for a hearing, and on November 4, 2019, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On December 20, 2019, the ALJ rendered a decision ruling that Plaintiff was not disabled under the Act. *Id.* at 28. Plaintiff requested a review of the ALJ's determination, which the Appeals Council denied on July 30, 2020. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. § 404.981; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On September 15, 2020, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*,

667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 404.1520; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically

3

determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is considered disabled, regardless of the claimant's age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including the claimant's medical history, objective medical evidence, and statements by the claimant. *Id.* § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not differentiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support a plaintiff's subjective evidence of pain "improperly increases [Plaintiff's] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. The claimant has the burden of proof during steps one through four of the evaluation. *See* 20 C.F.R. § 404.1520; *Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v); *see Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1), 404.1560(c). If the claimant cannot perform other work, the claimant is disabled.

## ALJ DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 5, 2017. ECF No. 16 at

17. At step two, the ALJ found that Plaintiff had severe impairments of bipolar disorder and unspecified mood disorder. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 18. The ALJ determined that Plaintiff had the RFC:

> [T]o perform a full range of work at all exertional levels but with the following non-exertional limitations: simple, routine, repetitive tasks, no production rate or quota based work as she needs a low-stress work environment (few changes to work processes or procedures); and can only occasionally interact with and respond appropriately to supervisors, co-workers and the general public.

*Id.* at 20. At step four, the ALJ then found that Plaintiff was capable of performing past relevant work as a Hospital Cleaner. *Id.* at 26. Further, the ALJ found that there were "jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," after considering Plaintiff's age, education, work experience, and RFC. *Id.* at 27. Thus, the ALJ concluded that Plaintiff "has not been under a disability, as defined in [the Act]" from May 5, 2017 through December 20, 2019, the date of the ALJ's decision. *Id.* at 28.

## DISCUSSION

Though at times unclear, Plaintiff's brief appears to raise one argument on appeal: the ALJ's RFC was not supported by substantial evidence because she failed to include non-exertional limitations that were warranted by Plaintiff's mental limitations, specifically time off task, absenteeism, and more restrictive social limitations. ECF No. 19-1 at 9–11. Plaintiff contends that these limitations were supported by the opinion of Dr. Francis Mondimore, Plaintiff's psychiatrist. *Id.* However, Plaintiff's argument is without merit.

First, the ALJ did not err in declining to adopt more significant limitations in light of Dr. Mondimore's opinion. For claims filed on or after March 27, 2017, 20 C.F.R. § 416.920c(a) states

that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [Plaintiff's] medical sources." However, the ALJ will state how persuasive she finds the medical opinions in the record, considering both supportability—the extent to which the medical source's opinion is supported by objective medical evidence and supporting explanations—and consistency—the extent to which the medical source's opinion is consistent with evidence from other medical sources. 20 C.F.R. §§ 416.920c(b)(2), (c).

In this case, the ALJ concluded that Dr. Mondimore's opinion that Plaintiff had marked to extreme limitations in concentration and persistence, as well as moderate to extreme limitations in social interactions and adaption was "not persuasive." ECF No. 16 at 25–26. In making her finding, the ALJ looked to supportability and consistency and found that Dr. Mondimore's findings were inconsistent with Plaintiff's "steady work history over the prior 15 years," as well as "treatment notes that show improvement and lack of episodes or hospitalization when [Plaintiff] is compliant with her medication and therapy sessions." *Id.* at 26. The ALJ thus considered objective medical evidence, Plaintiff's activities of daily living, and Plaintiff's treatment history, complying with the regulations in 20 C.F.R. § 416.920c. *See Lavinia R. v. Saul*, No. CV SAG-20-1083, 2021 WL 2661509, at *2 (D.Md. June 29, 2021) (concluding the ALJ complied with the regulations in making such findings). As such, remand is not warranted for failing to defer to Dr. Mondimore's opinion.

Second, the ALJ properly accounted for Plaintiff's moderate limitation in concentration, persistence, and pace in her RFC. In determining RFC specifically, the ALJ must consider the entire record, including opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. § 404.1545(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *1 (defining the RFC as an assessment of an individual's ability to perform

vocational-related physical and mental activities). "The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating Plaintiff's RFC. Specifically, the Ruling states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). The ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). *See Deborah P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1850, 2019 WL 1936721, at *2 (D.Md. Apr. 30, 2019).

The Fourth Circuit concluded that remand is proper where the ALJ failed to explain why a Plaintiff's "moderate limitation in concentration, persistence, or pace" did not translate into a limitation in Plaintiff's RFC. *Mascio*, 780 F.3d at 638–39. However, it is not a "categorical rule" that the ALJ must always include the moderate limitation in an RFC; instead, the ALJ must only address the mental limitations in the RFC or provide an explanation for omitting it. *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). In *Shinaberry*, the Fourth Circuit explained that the ALJ at issue, unlike in *Mascio*, addressed the plaintiff's disability, "including her moderate limitations in concentration, persistence, or pace," and explained why evidence of the record supported the identified limitation. *Id.* at 122. The ALJ's finding with regard to the plaintiff's mental limitation

8

and her RFC were thus "sufficiently explained and supported by substantial evidence in the record." *Id.* Furthermore, this Court has previously explained that a limitation on production-paced activity accounts for Plaintiff's moderate limitation in concentration, persistence, or pace. *See Chase v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-14-2961, 2016 WL 199410, at *3 (D.Md. Jan. 15, 2016); *Shirey v. Comm'r*, No. CV SAG-15-261, 2015 WL 7012718, at *4 (D.Md. Nov. 10, 2015); *Rayman v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-14-3102, 2015 WL 6870053, at *3 (D.Md. Nov. 6, 2015).

Here, the ALJ included a production pace limitation in Plaintiff's RFC, explaining that she is limited to "no production rate or quota based work as she needs a low-stress work environment" with "few changes to work processes or procedures." ECF No. 16 at 20. In her narrative discussion of Plaintiff's RFC, the ALJ states that:

> I further limited [Plaintiff] to routine tasks, with no production rate or quota based work, to account for her moderate limits in concentration, persistence and pace. These limits are specifically targeted toward reducing the concentration required throughout the work period and to further limit the pace at which she would have to work as well as the persistence necessary to complete assigned tasks. The low stress work environment (with few changes to work processes or procedures) also applies to her issues in concentration, persistence and pace in that such limits will reduce the concentration and persistence that might be associated with more significant changes.

*Id.* at 26. Therefore, the ALJ's decision to include a production rate limitation clearly does account for Plaintiff's moderate limitation in concentration, persistence, or pace according to case law from this Court. *See Chase*, 2016 WL 199410, at *3; *Shirey*, 2015 WL 7012718, at *4; *Rayman*, 2015 WL 6870053, at *3.

Moreover, the ALJ identified evidence in the record to support her conclusion that the moderate limitation was properly accounted for with a production rate limitation. Her narrative discussion cited to the state psychological consultants' finding that Plaintiff can "usefully perform

routine tasks on a sustained basis with normal supervision." ECF No. 16 at 25. She also noted Plaintiff's steady work history over the past fifteen years, her ability to communicate even when facing an unwanted change, and her ability to tackle issues. *Id.* at 26. Again, the ALJ's lengthy review of the evidence draws a connection between Plaintiff's impairments and her limitations, including a limitation this Court has previously accepted. *See Chase*, 2016 WL 199410, at *3. Where substantial evidence exists, as it does here, and the ALJ draws a bridge between the evidence and her discussion of Plaintiff's limitations, remand is not warranted.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 19) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 22) is GRANTED, and the decision of the SSA is AFFIRMED.

Date: 16 November 2021

A. David Copperthite
United States Magistrate Judge